# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CINDY LAROSA,

    Plaintiff,

v.

Civil Action No.

PORTFOLIO RECOVERY ASSOCIATES, LLC; and
DOE 1-5

    Defendants.

## COMPLAINT
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 ("FCCPA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the actions alleged herein against Plaintiff while Plaintiff so resided.

## PARTIES

3. Plaintiff, CINDY LAROSA (hereinafter "Plaintiff" or "Ms. LaRosa"), is a natural person residing in Key Largo, Florida. Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., (hereinafter "Defendant") is a limited liability company believed to maintain its principle place of business at 120 Corporate Blvd. in Norfolk, Virginia.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. PORTFOLIO RECOVERY ASSOCIATES, LLC and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a(6) and F.S.A. § 559.55(6), and an "out-of-state consumer debt collector," as defined by F.S.A. § 559.55(8).

**FACTUAL ALLEGATIONS**

7. Defendants engaged in an attempt to collect a consumer credit card debt allegedly owed by Ms. LaRosa.

8. On or about January 26, 2013 Defendants called Ms. LaRosa at her place of employment in an effort to collect the alleged debt. Ms. LaRosa advised Defendants that she was at work and was not allowed to receive such personal phone calls.

9. On February 9, 2013 Defendants called Ms. LaRosa at her place of employment again. Once again Ms. LaRosa advised Defendants that she was at work and that she couldn't take such calls. Ms. LaRosa further advised Defendants that she had previously informed them of the prohibition against calling her at work.

10. Defendants' collection calls to Ms. LaRosa's place of employment continued, including one such call on February 26, 2013 in which Defendants left a message for Ms. LaRosa concerning a "personal business matter."

11. Increasingly harassed and concerned with the calls to her place of employment, Ms. LaRosa retained counsel with Centennial Law Offices.

12. On March 7, 2013, staff from Centennial Law Offices contacted Defendants by telephone, informed them that Ms. LaRosa was represented by counsel, and provided counsel's contact information. A letter of representation was faxed to Defendants on the same date.

13. On March 8, 2013, Defendants called Ms. LaRosa's place of employment and left a message with a coworker requesting that Ms. LaRosa return the call. A return phone number was provided.

14. Ms. LaRosa never authorized Defendants to discuss her alleged debt or otherwise communicate with her coworkers or any other third-party.

15. As a direct result of the collection activity herein alleged, Ms. LaRosa has incurred legal fees of $2,355.00.

**COUNT I**

16. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and

3

herein alleges that Defendants violated 15 U.S.C. 1692d as follows: Defendants' continued calls to Plaintiff at her place of employment after being advised of the prohibition and that Plaintiff was represented by counsel, constitute conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

## COUNT II

17. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(b) by communicating, in connection with the collection of a debt, with a third-party without Plaintiff's consent.

## COUNT III

18. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(a)(1) and 1692c(a)(2) by continuing to contact Plaintiff at her place of employment after being advised of the prohibition.

## COUNT IV

19. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(a)(2) with regards to Plaintiff by

continuing to make collection calls to Plaintiff after having actual knowledge that Plaintiff was represented by counsel and having the means to contact Plaintiff's counsel.

### COUNT V

20. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated F.S.A. § 559.72(7) as follows: Defendants' continued calls to Plaintiff at her place of employment after being advised of the prohibition and that Plaintiff was represented by counsel, constitute conduct which can reasonably be expected to abuse or harass Plaintiff in connection with the collection of a debt.

### COUNT VI

21. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated F.S.A. § 559.72(18) by continuing to make collection calls to Plaintiff after having actual knowledge that Plaintiff was represented by counsel and having the means to contact Plaintiff's counsel.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1692k(2);

2.) For statutory damages in the amount of $1,000 pursuant to F.S.A. § 559.77(2);

5

3.) For $2,355.00 in legal costs incurred in responding to unlawful collection activity pursuant to 15 U.S.C. § 1692(k) and F.S.A. § 559.77(2);

4.) For prejudgment interest in an amount to be proved at time of trial;

5.) For attorney's fees pursuant to 15 U.S.C. § 1692(k) and F.S.A. § 559.77(2);

6.) For the costs of this lawsuit pursuant to 15 U.S.C. § 1692(k) and F.S.A. § 559.77(2);

7.) Punitive damages, pursuant to F.S.A. § 559.77(2); and

8.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  February 7, 2014

s/Brooke Terpening

_____
BROOKE TERPENING, ESQ.
Attorney for Plaintiff CINDY LAROSA
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 130
B.Terpening@centenniallawoffices.com

6